FILED

MAY 2 0 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | N<sup>c</sup> |
| | ) | |
| TEDDY WILLIAMS, | ) | **4:15CR00246 JAR/NCC** |
| VANTRESS CARTER, and | ) | |
| JESSICA LAVIGNE, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1. "Access device" is a term defined at Title 18, United States Code, Section 1029(e)(1) to include any card, code, account number, electronic serial number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or anything of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument.

2. "Counterfeit access device" is a term defined at Title 18, United States Code, Section 1029(e)(2) to include any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device.

3. "Unauthorized access device" is a term defined at Title 18, United States Code, Section 1029(e)(3) to include any access device that is lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud.

<u>COUNT I</u>
**(Conspiracy to Violate Title 18, United States Code, Sections 1029(a)(1) and (a)(3))**

4.  Beginning at a time unknown to the Grand Jury but at least as early as May 12, 2015 and continuing through at least May 13, 2015, the Defendants,

**TEDDY WILLIAMS,**
**VANTRESS CARTER,**
**JESSICA LAVIGNE,**

and others known and unknown to the Grand Jury, within the Eastern District of Missouri and elsewhere, did conspire, in violation of Title 18, United States Code, Section 1029(b)(2), to knowingly, and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices and to knowingly, and with the intent to defraud, possess at least fifteen devices which were counterfeit and unauthorized access devices, in violation of Title 18, United States Code, Sections 1029(a)(1) and 1029(a)(3), all affecting interstate commerce, and did thereafter each engage in conduct in furtherance of that offense.

MANNER AND MEANS OF THE CONSPIRACY

5.  The manner and means of the conspiracy are further described as follows:

a.  It was part of the conspiracy that one or more of the coconspirators would obtain credit cards, gift cards, and other such access devices, each of which bore a magnetic strip containing a particular code.

b.  It was further part of the conspiracy that one or more of the coconspirators would employ a device, known as an encoder, to alter the sequence of numbers and other information contained on the magnetic strip on the back of the access devices.

c.  It was further part of the conspiracy that one or more of the coconspirators would possess the credit cards, gift cards, and other such access devices so counterfeited and would do so

2

with the intent to defraud so as to later use those devices to obtain money, goods, services, and other things of value.

d.  It was further part of the conspiracy that one or more of the coconspirators would use the credit cards, gift cards, and other access devices to obtain money, goods, services, and other things of value.

## OVERT ACTS

6.  In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the Defendants committed, among others, the following acts within the Eastern District of Missouri and elsewhere:

a.  On or about May 12, 2015, Defendant WILLIAMS attempted to use a counterfeit access device to purchase an iPad from a T-Mobile Store in Fairview Heights, Illinois.

b.  On or about May 12, 2015, Defendant WILLIAMS used a counterfeit access device to purchase a $100 gift card at a Sports Authority store in Fairview Heights, Illinois.

c.  On or about May 12, 2015, Defendant WILLIAMS used counterfeit access devices, to wit, a gift card whose magnetic strip had been reencoded, to rent a hotel room at the Red Roof Inn Hotel in Maryland Heights, Missouri.

d.  On or about May 13, 2015, Defendant LAVIGNE left the hotel driving a vehicle containing at least seven (7) counterfeit access devices, intending to use counterfeit access devices to purchase food.

e.  On or about May 13, 2015, Defendant CARTER placed at least six (6) access devices into the toilet of Room 231 of the hotel.

f. On or about May 13, 2015, Defendant WILLIAMS possessed at least one (1) counterfeit access device in his wallet.

g. On or about May 13, 2015, Defendant CARTER possessed at least three (3) counterfeit access devices in his wallet.

h. On or about May 13, 2015, Defendant LAVIGNE possessed at least two (2) counterfeit access devices in her wallet.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT II
### (Use of Counterfeit Access Device)

7. Each of the allegations in Paragraphs 1 through 6 of this Indictment is hereby incorporated by reference as if fully set forth herein.

8. On or about May 13, 2015, within the Eastern District of Missouri, with the intent to defraud, the Defendant

## TEDDY WILLIAMS

did knowingly use a counterfeit access device, to wit, a reencoded gift card, to rent a hotel room at the Red Roof Inn Hotel in Maryland Heights, Missouri, which transaction affected interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(1) and (c).

### FORFEITURE ALLEGATION

9. Pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1029(c)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Sections 1029(a)(1) and 1029(b)(2) as set forth in Counts I through II, the Defendants shall forfeit to the United States of America:

4

a.      any personal property used or intended to be used to commit the offense; and

b.      any property constituting, or derived from, proceeds the Defendants obtained directly or indirectly, as the result of the offense.

10. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

11. If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____

RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney

5